UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYA LITOVSKY and JOHN CURTIS RICE<br><br>Plaintiffs,<br><br>- against -<br><br>ASSOCIATED NEWSPAPERS LIMITED<br><br>Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Maya Litovsky ("Litovsky") and John Curtis Rice ("Rice") (all together "Plaintiffs") by and through their undersigned counsel, as and for their Complaint against Defendant Associated Newspapers Limited ("Associated" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the Hamptons Wolf of Wall Street pool party owned and registered by Litovsky, a New York based fashion writer, journalist, and photographer. In addition, the unauthorized reproduction and public display of a copyrighted photograph of Bear Stearns trader Maureen Sherry, owned and registered by Rice, a New York based photojournalist. Accordingly, Litovsky and Rice seek injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and does business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Litovsky is a New York based fashion, beauty, tech, travel and lifestyle writer and photographer with a place of business at 309 East 78th Street, Apt. 1E, New York, New York 10075.

6. Rice is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 777 Kappock Street, New York, New York 10463. Rice's photographs have appeared in many publications around the United States.

7. Upon information and belief, Associated is a limited company with its United States headquarters located at 51 Astor Place, New York, New York 10003. At all times material hereto, Associated has owned and operated a website at the URL: www.DailyMail.Co.UK.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiffs Ownership of the Photographs**

8. Litovsky attended the highly publicized Wolf of Wall Street pool party where a portfolio manager trashed a multi-million dollar home when renting through Airbnb in the

Hamptons. Litovsky photographed the scene at the home (the "Litovsky Photograph"). A copy of the Litovsky photograph is attached hereto as Exhibit A.

9. Rice photographed Maureen Sherry an ex Bear Stearns executive that revealed what life was like working at the investment bank in her novel called Opening Belle (the "Rice Photograph"). A copy of the Rice photograph is attached hereto as Exhibit B. All together (the "Photographs").

10. The Rice Photograph has a pending US Copyright Registration number of 1-3254948581. The Litovsky Photograph has a pending US Copyright Registration number of 1-4068776355.

B. **Defendant's Infringing Activities**

11. Upon information and belief, Associated ran an article on the Website entitled *Furious owner says his $20m Hamptons mansion was trashed in wild Wolf of Wall Street-style 'Sprayathon' pool party with bikini babes and gun toting dwarfs*. See http://www.dailymail.co.uk/news/article-3678244/Furious-owner-suing-hedge-fund-manager-trashed-20million-Hamptons-mansion.html.  The article prominently featured the Litovsky Photograph. A true and correct copy of article is attached hereto in Exhibit C.

12. Upon information and belief, Associated ran an article on the Website entitled *Former New York trader says male co-workers MOOED at her when she was lactating and drank the breast milk she'd stored in the office fridge*. See http://www.dailymail.co.uk/news/article-3425498/Former-New-York-trader-says-male-workers-MOOED-lactating-drank-breast-milk-d-stored-office-fridge.html. The article prominently featured the Rice Photograph. A true and correct copy of the article is attached hereto in Exhibit D.

13. Associated did not license the Photographs from Plaintiff for its articles, nor did Associated have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ASSOCIATED)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Associated infringed Plaintiffs copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Associated is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiffs copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Associated have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiffs copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiffs have no adequate remedy at law. Pursuant 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ASSOCIATED
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. Upon information and belief, Defendant received the Litovsky Photograph by going to her Instagram page. See https://www.instagram.com/mayalitovsky/.

24. The Litovsky photograph had copyright management information under 17 U.S.C. § 1202(b).

25. Upon information and belief, in its article on the Website, Associated copied the Litovsky Photograph from Litovsky's Instagram page and pasted the Photograph onto their Website and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph and instead crediting the Photograph to Instagram knowing that Instagram does not own the Litovsky Photograph or that Instagram took the photograph.

26. Upon information and belief, Defendant received the Rice Photograph by going to the New York Post Article where Rice licensed his Photograph. See http://nypost.com/2016/01/31/trader-exposes-the-disgusting-sexism-plaguing-wall-street/.

27. The Rice photograph had copyright management information under 17 U.S.C. § 1202(b).

28. Upon information and belief, in its article on the Website, Associated copied the Rice Photograph from the New York Post Article and pasted the Photograph onto their Website and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph and instead not crediting anyone.

29. The conduct of Associated violates 17 U.S.C. § 1202(b).

30. Upon information and belief, Associated falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiffs.

31. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Associated intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the Photographs. Associated also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the Photographs.

32. As a result of the wrongful conduct of Associated as alleged herein, Plaintiffs is entitled to recover from Associated the damages, that they sustained and will sustain, and any gains, profits and advantages obtained by Associated because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

33.     Alternatively, Plaintiff may elect to recover from Associated statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Associated be adjudged to have infringed upon Plaintiffs copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Associated be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendants, and their officers, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons entities acting in concert or participation with any Defendant, be joined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiffs Photographs pursuant to 17 U.S.C. § 502.

4. Plaintiffs be awarded either: a) Plaintiffs actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiffs Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiffs actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 1, 2016

                                            LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
     Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiffs Maya Litovsky and John Curtis Rice*